Melinda Arbuckle, SBN 302723
marbuckle@eeoc.net
SHELLIST | LAZARZ | SLOBIN LLP
5670 Wilshire Boulevard, Suite 1800
Los Angeles, CA 90036
Telephone: (713) 621-2277
Facsimile: (713) 621-0993

Ricardo J. Prieto (to be admitted *PHV*)
rprieto@eeoc.net
SHELLIST | LAZARZ | SLOBIN LLP
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
Telephone: (713) 621-2277
Facsimile: (713) 621-0993

Richard J. (Rex) Burch (to be admitted *PHV*)
rburch@brucknerburch.com
BRUCKNER BURCH PLLC
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone: (713) 877-8788
Facsimile: (713) 877-8065

*Counsel for Plaintiff, Tyler Jones, and
Proposed Class and Collective Action Members*

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

| | |
|---|---|
| TYLER JONES, on behalf of himself and all others similarly situated,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>TELACU CONSTRUCTION MANAGEMENT, INC.,<br><br>　　　Defendant. | **Case No:   2:21-cv-07533**<br><br>**ORIGINAL COMPLAINT FOR VIOLATIONS OF FLSA AND U.S. VIRGIN ISLANDS FAIR LABOR STANDARDS ACT**<br>──────────────<br>**COLLECTIVE ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Tyler Jones ("Jones" or "Plaintiff"), on behalf of himself and all others similarly situated, files this Original Complaint against Defendant TELACU Construction Management, Inc. ("TELACU" or "Defendant"), showing in support as follows:

## I. INTRODUCTION

1.     TELACU Construction Management ("TELACU") failed to pay overtime as required by the Fair Labor Standards Act ("FLSA").

2.     Instead, TELACU paid Tyler Jones, and other workers like him, at the same hourly rate for all hours worked, including those in excess of 40 in a workweek and 8 in a day.

3.     This practice violates the overtime requirements of the FLSA, 29 U.S.C. §§ 201-219.

4.     Jones brings this suit as a collective action under § 216(b) of the FLSA individually and on behalf of:

> **All hourly employees who are or were within the three years prior to the filing of this lawsuit employed by TELACU and paid at the same hourly rate for all hours worked, including those in excess of 40 in a workweek (the "FLSA Class")**

5.     Jones and the FLSA Class Members seek to recover payment for all overtime owed for the applicable three-year statute of limitations period, liquidated damages, and attorneys' fees and costs.

6.     Jones further brings this suit as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure individually and on behalf of:

> **All hourly employees who are or were within the six years prior to the filing of this lawsuit employed by TELACU and paid at the same hourly rate for all hours worked, including those in excess of 5 consecutive days of work, 40 in a workweek, and 8 in a workday (the Virgin Islands Class)**

7.     Jones and the Virgin Islands Class Members seek to recover back pay for unpaid overtime wages and reasonable attorney's fees and costs, under all applicable provisions of Virgin Islands law.

## II. THE PARTIES

Case No. 2:21-cv-07533
Plaintiff's Original Complaint

**A.     Plaintiff Tyler Jones**

8.     Plaintiff Tyler Jones is a natural person residing in St. Martin Parish, Louisiana. He has standing to file this lawsuit.

9.     Plaintiff worked for Defendant in St. Croix, Virgin Islands, from approximately November 1, 2018 through approximately April 1, 2019. Plaintiff is a former employee.

10.     Plaintiff was an hourly employee who earned approximately $35.00/hour.

11.     Plaintiff's consent to be a party plaintiff is attached hereto as Exhibit 1.

**B.     Putative Collective Action Members**

12.     Plaintiff Tyler Jones brings this action on behalf of himself and on behalf of other similarly situated workers as a collective action pursuant to 29 U.S.C. § 216(b). Plaintiff seeks to represent a proposed collective defined as follows:

13.     Plaintiff reserves the right to refine this definition or establish subclasses in the event that discovery reveals that a more appropriate class definition exists.

**C.     Defendant TELACU Construction Management, Inc.**

14.     Defendant TELACU Construction Management, Inc. ("Defendant" or "TELACU") is a corporation formed under the laws of the state of California.

15.     Defendant TELACU maintains its principal place of business at 5400 E Olympic Blvd, Suite 300; Los Angeles, California 90022.

16.     Defendant may be served with process through its registered agent, John Clem, located at 604 N Eckhoff Street; Orange, California 90022.

17.     At times relevant to this lawsuit, Defendant employed Plaintiff Tyler Jones and the putative class members.

18.     At all times hereinafter mentioned, TELACU has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

19.     At all times hereinafter mentioned, TELACU has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

20.     At all times hereinafter mentioned, TELACU has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

21.     At all times hereinafter mentioned, Jones and all those similarly situated were individual employees engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

### III.     JURISDICTION AND VENUE

22.     This Court properly exercises jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question).

23.     This Court also properly exercises personal jurisdiction over the Defendant because Defendant does business in California and in this District, and because many of the acts complained of and giving rise to the claims alleged herein occurred in California and in this District.

24.     Venue is proper in this District and Division pursuant to 28 U.S.C.
§ 1391(b) because a substantial part of the events giving rise to the claims alleged
herein occurred in this District and Division.

## IV.    FACTUAL BACKGROUND

25.     TELACU is a provider of construction management services to
capital improvement projects throughout the United States and its territories.

26.     TELACU is headquartered in California and does business
throughout the United States and its territories, including California and the Virgin
Islands.

27.     Jones was employed as a construction manager in quality control for
TELACU in St. Croix in the United States Virgin Islands from November 2018-
April 2019.

28.     Jones reported the hours he worked to TELACU on a regular basis.

29.     TELACU has accurate records of the hours Jones worked.

30.     This fact can be shown by TELACU's payroll records.

31.     Jones was paid his hourly rate regardless of the number of hours he
worked in a workweek or workday.

32.     For example, in for the workweek beginning February 23, 2019
through March 1, 2019, Jones worked 70 hours. Defendant paid him his straight
time hourly wages only, meaning he was paid $2,450.00 (70 hours * $35.00).
Defendant violated the law by failing to pay Jones overtime premium pay, which
in that week would have required Defendant to pay $2,975. This pattern of paying
no overtime premium pay was consistent throughout Jones' employment with
Defendant.

33.     Jones and the FLSA and Virgin Islands Class Members often worked more than 5 consecutive days, more than 40 hours in a workweek, and more than 8 hours in a workday.

34.     Rather than receiving time and a half as required by the FLSA and VIFLSA, Jones and the FLSA Class Members and the Virgin Islands Class Members only received "straight time" for overtime hours worked.

35.     This "straight time for overtime" payment scheme violates the FLSA and the VIFLSA.

36.     Jones and the FLSA and Virgin Islands Class Members were not paid on a salary basis.

37.     Jones knows of other employees of TELACU who are similarly situated in that they were not properly paid overtime for the hours they worked in excess of 5 consecutive days, hours in excess of 40 in a workweek, and/or hours in excess of 8 in a workday.

38.     These individuals impacted by TELACU's "straight time for overtime" scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

39.     Prior to the filing of this lawsuit, Plaintiff attempted to file his claims in arbitration, but Defendant refused to pay its filing fee under the arbitration agreement.

## V.     COLLECTIVE ACTION ALLEGATIONS

40.     Dozens of employees have been victimized by this pattern, practice and policy which are in willful violation of the FLSA.

41.     TELACU required the FLSA Class Members to perform job duties similar to those performed by Jones, including the requirement that they work overtime without overtime pay.

42.     TELACU paid the FLSA Class Members in the same manner as it paid Jones and did not properly compensate them for all hours worked as required by the FLSA.

43.     Thus, TELACU imposed its illegal pay practices on the FLSA Class Members.

44.     The FLSA Class Members were all paid on a "straight time for overtime" basis, and were regularly required to work in excess of 40 hours per week.

45.     Accordingly, the employees who were victimized by TELACU's unlawful compensation practices are similarly situated to Jones.

46.     TELACU's failure to pay overtime compensation at the rates required by the FLSA result from generally applicable policies and practices and do not depend on the personal circumstances of the FLSA Class Members.

47.     Thus, Jones' experiences are typical of the experiences of the FLSA Class Members.

48.     The specific job titles or precise job requirements of the various FLSA Class Members do not prevent collective treatment.

49.     All of the FLSA Class Members, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked in excess of 40 hours per week.

50.     Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

## VI.     CLASS ALLEGATIONS

51.     Plaintiff seeks to bring his claims under Virgin Island Law as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the Class Members pursuant to the below preliminary definition:

**All hourly employees who are or were within the six years prior to**

- 7 -

**the filing of this lawsuit employed by TELACU and paid at the same hourly rate for all hours worked, including those in excess of 5 consecutive days of work, 40 in a workweek, and 8 in a workday (the Virgin Islands Class)**

52.   <u>Numerosity</u>. The number of members in the Class is believed to exceed one hundred. This volume makes bringing the claims of each individual member of the class before this Court impracticable. Likewise, joining each individual member of the Class as a plaintiff in this action is impracticable. Furthermore, the identity of the members of the Class will be determined from Defendant's records, as will the compensation paid to each of them. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice the Class and Defendant.

53.   <u>Typicality</u>. Plaintiff's claims are typical of the Class because like the members of the Class, Plaintiff was subject to Defendant's uniform policies and practices and compensated in the same manner as others in the Class. Defendant failed to pay the Class Members' overtime compensation as required by the law. Plaintiff and the Class have been under-compensated as a result of Defendant's common policies and practices which failed to comply with Virgin Island law. As such, Plaintiff's claims are typical of the claims of the Class. Plaintiff and all members of the Class sustained damages arising out of and caused by Defendant's common course of conduct in violation of law as alleged herein.

54.   <u>Adequacy</u>. Plaintiff is a representative party who will fairly and adequately protect the interests of the Class because it is in his interest to effectively prosecute the claims herein alleged in order to obtain the unpaid wages and penalties required under Virgin Island law. Plaintiff has retained attorneys who are competent in both class actions and wage and hour litigation. Plaintiff does not have any interest which may be contrary to or in conflict with the claims of the Class he seeks to represent.

55.     Commonality. Common issues of fact and law predominate over any individual questions in this matter. The common issues of fact include, but are not limited to:

    a. Whether Plaintiff and the Class Members worked over 5 days consecutively, over 40 hours in a workweek, or over 8 hours in a work day; and

    b. Whether Defendant has failed to timely pay employees all sums due upon their separation from employment with Defendant.

56.     The common issues of law include, but are not limited to:

    a. Did TELACU have and implement a policy and/or practice for paying straight time wages for overtime work

    b. Whether Plaintiff and the Class Members are entitled to compensatory damages; and

    c. The proper measure of damages sustained by Plaintiff and the Class Members.

57.     Superiority. A class action is superior to other available means for the fair and efficient adjudication of this lawsuit. Even in the event any member of the Class could afford to pursue individual litigation against a company the size of Defendant, doing so would unduly burden the court system. Individual litigation would magnify the delay and expense to all parties and flood the court system with duplicative lawsuits. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying judicial results and establish incompatible standards of conduct for Defendant.

58.     A class action, by contrast, presents far fewer management difficulties and affords the benefits of uniform adjudication of the claims, financial economy for the parties, and comprehensive supervision by a single court. By concentrating this litigation in one forum, judicial economy and parity among the

Case No. 2:21-cv-07533
Plaintiff's Original Complaint

claims of individual Class Members are promoted. Additionally, class treatment in this matter will provide for judicial consistency. Notice of the pendency and any resolution of this action can be provided to the Class by mail, electronic mail, text message, print, broadcast, internet and/or multimedia publication. The identity of members of the Class is readily identifiable from Defendant's records.

59.     This type of case is well-suited for class action treatment because Defendant's practices, policies, and/or procedures were uniform. Ultimately, a class action is a superior form to resolve the claims detailed herein because of the common nucleus of operative facts centered on the continued failure of Defendant to pay Plaintiff and the Class Members per applicable California laws.

### VII.   CAUSES OF ACTION

### A.   First Claim for Relief – Violation of the FLSA

60.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

61.     During the relevant time period, TELACU has violated, and is violating, the provisions of Section 7 of the FLSA, 29 U.S.C. § 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such employees for their employment in excess of 40 hours per week at rates no less than one and one-half the regular rates for which they were employed.

62.     TELACU owes Jones and the FLSA Class Members the difference between the rate actually paid and the proper overtime rate.

63.     TELACU is also liable to Jones and the FLSA Class member for an amount equal to any unpaid overtime wages as liquidated damages.

64.     TELACU knowingly, willfully or in reckless disregard carried out its illegal pattern or practice of paying Jones and all those similarly situated "straight time for overtime."

65.     The decision by TELACU to deny overtime compensation to these employees was neither reasonable, nor made in good faith.

66.     Accordingly, Jones and the FLSA Class Members are entitled to overtime wages under the FLSA in an amount equal to one and one-half times their rate of pay, liquidated damages, attorneys' fees and costs.

## B.     Second Claim for Relief – Violations of the VIFLSA (24 V.I.C. § 20).

67.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

68.     Section 20 of the Virgin Islands Code prohibits and employer from employing persons "for (1) more than 5 consecutive days, or (2) longer than a total of 40 hours in a workweek, …, or (3) for a workday longer than 8 hours, unless such employee receives compensation for his employment (1) on a sixth and/or a seventh consecutive day of work, or (2) in excess of 40 hours in a workweek, or (3) in excess of 8 hours in a workday, whichever excess is calculated to give the employee the greatest compensation, at a rate not less than 1 1/2 times the regular rate at which he is employed."

69.     TELACU suffered or permitted Jones and the Virgin Islands Class Members to work more than 5 consecutive days, 40 hours in a workweek, and/or 8 hours in a workday without paying them overtime as required by the VIFLSA.

70.     By its failure to pay overtime compensation to Jones and the Virgin Islands Class Members as alleged in this Complaint, TELACU violated the VIFLSA, which requires overtime compensation to hourly employees.

71.     As a result of TELACU's unlawful acts, Jones and the Virgin Islands Class Members have been deprived of overtime compensation, and are entitled to recovery of such amounts, plus attorneys' fees, and costs, under 24 V.I.C. § 17.

## VIII.  JURY DEMAND

72.     Plaintiff hereby demands a jury trial on all causes of action and claims for relief to which he and the putative Class Members have a right to jury trial.

## IX.    DAMAGES AND PRAYER

73.     Plaintiff, on behalf of himself and all others similarly situated, asks that the Court issue summons for Defendant to appear and answer, and that Plaintiff and the putative Class Members be awarded a judgment against Defendant or order(s) from the Court for the following:

    a. An order under § 216(b) of the FLSA authorizing notice to be sent to the FLSA Class Members;

    b. An order certifying that the Virgin Islands claims may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

    c. An order designating Jones as the class representative of any certified class;

    d. An order designating attorneys Melinda Arbuckle and Ricardo J. Prieto of Shellist Lazarz Slobin, LLP and Richard Burch of Bruckner Burch as class counsel of any certified class;

    e. An award of damages including all unpaid wages owed and liquidated damages to Plaintiff and the class under the FLSA and VIFLSA;

    f. Costs of action incurred herein, including expert fees;

    g. Attorneys' fees;

    h. Pre- and post-judgment interest, as provided by law; and

i.  Such other and further relief as the Court may deem just and proper.

Dated: September 21, 2021

Respectfully submitted,

By:    s/Melinda Arbuckle
       Melinda Arbuckle

**SHELLIST | LAZARZ | SLOBIN LLP**
Ricardo J. Prieto (to be admitted *Pro Hac Vice*)
rprieto@eeoc.net
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
Telephone: (713) 621-2277
Facsimile: (713) 621-0993

Melinda Arbuckle (Cal. Bar No. 302723)
marbuckle@eeoc.net
402 West Broadway, Suite 400
San Diego, California 92101
Telephone: (713) 621-2277
Facsimile: (713) 621-0993

**BRUCKNER BURCH, PLLC**
Richard J. (Rex) Burch (to be admitted *Pro Hac Vice*)
rburch@brucknerburch.com
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
(713) 877-8788 (Telephone)
(713) 877-8065 (Facsimile)

*Counsel for Plaintiffs and Proposed Class and Collective Action Members*

Case No. 2:21-cv-07533
Plaintiff's Original Complaint