UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-7533-GW-KSx | Date | January 6, 2023 |
|---|---|---|---|
| Title | *Tyler Jones v. Telacu Construction Management, Inc.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | None Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

None Present    None Present

**PROCEEDINGS (IN CHAMBERS):**   **ORDER DENYING MOTION FOR PRELIMINARY APPROVAL, WITHOUT PREJUDICE; VACATING HEARING**

A Motion for Preliminary Approval of Class Action Settlement, Approval of FLSA Settlement, and for Attorney's Fees is currently set for hearing in this matter on Thursday, January 12, 2023. That motion will be denied, without prejudice to re-filing, for the reasons set forth herein. The January 12 hearing is consequently vacated. *See* C.D. Cal. L.R. 7-15.

First, because certification has not yet occurred in this case, plaintiff Tyler Jones ("Plaintiff") must convince the Court that certification, even if only for settlement purposes, is warranted. To this point, efforts in that regard – particularly with respect to the requirements set forth in Federal Rule of Civil Procedure 23(a)(1), (2) and (3) – have been exceedingly-limited. *See* Docket No. 47, at 13:1-5 & nn.2-4. In particular, Plaintiff's showing on the required elements of numerosity, commonality, and typicality appear limited merely to the parties' *agreement* that these elements are satisfied. That is not how certification, even for settlement-purposes-only, works. Nor, for purposes of demonstrating commonality, is it sufficient for Plaintiff to simply demonstrate that he has *alleged* the existence of common facts.

"The class action is 'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.'" *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700-01 (1979)). "To come within the exception, a party seeking to maintain a class action 'must affirmatively demonstrate his compliance' with Rule 23." *Id.* (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011)). "[T]hat is, he must be prepared to *prove* that there are in fact sufficiently numerous parties, common questions of law or fact, etc." *Dukes*, 564 U.S. at 350 (emphasis added); *see also Kurihara v. Best Buy Co., Inc.*, No. C 06-01884 MHP, 2007 WL 2501698, *10 (N.D. Cal. 2007) ("[A] mere allegation of a company-wide policy does not compel class

:  _____

Initials of Preparer    JG

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-7533-GW-KSx | Date | January 6, 2023 |
|---|---|---|---|
| Title | *Tyler Jones v. Telacu Construction Management, Inc.* | | |

certification."). Even in a settlement context, a "district court's Rule 23(a) and (b) analysis must be 'rigorous.'" *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 556 (9th Cir. 2019) (*en banc*) (quoting *Comcast Corp.*, 569 U.S. at 33). Other than a manageability concern (which is not at issue in the context of a class settlement), other specifications of Rule 23 that are "designed to protect absentees by blocking unwarranted or overbroad class definitions" "demand undiluted, even heightened, attention in the settlement context." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997); *Hyundai & Kia*, 926 F.3d at 557.

    The Court interprets the foregoing observations, statements and considerations in the case law as requiring that Plaintiff come forward with at least some *evidence* – not just allegations – supporting a commonality finding. That evidence will usually wind up supporting a typicality finding as well. At this point, the Court has only Plaintiff's counsel's statement on this topic, *see* Declaration of Ricardo J. Prieto in Support of Unopposed Motion for Preliminary Approval of Class Action Settlement, Approval of FLSA Settlement, and for Attorney's Fees, Docket No. 47-2, ¶ 21, but Plaintiff's counsel cannot competently attest to this evidentiary fact.

    Second, as a corollary to this first point, the Court would ask Plaintiff to identify cases – ideally published, precedential decisions – finding that a group of 24 individuals, such as is involved here, is sufficiently-large to satisfy Rule 23(a)(1)'s "numerosity" requirement. Plaintiff's brief thus far cites only a case concluding that *forty* members is presumptively satisfactory in this regard. *See* Docket No. 47, at 13 n.2.

    Third, while the Court, at this time, sees no obvious reason to conclude that the settlement is not sufficiently-reasonable (at least for preliminary approval purposes), Plaintiff's brief fails to assess the issue through the lens a recently-amended Rule 23 requires, in particular the specific topics now made-relevant by the present wording in Rule 23(e)(1)(B) and 23(e)(2)(A)-(D). To this point, his discussion of the settlement's reasonableness ignores the recent changes in the Rule, and is based upon case law that predates the Rule 23 amendments. *See* Docket No. 47, at 16:6-17:22.

    Fourth, while the question of whether it will ultimately award enhancement payments to any class representative will not actually be appropriately before the Court until the final approval stage, the Court would ask Plaintiff to provide authority for it awarding any such payment to a plaintiff – such as Kevin Gourgis – who simply has *opted-in* to an action, as opposed to limiting such an award to one who has actually *initiated* the action, such as Plaintiff himself.

    Finally, the Court has a minor question about how Plaintiff has defined the Class Members in his brief. Specifically, the Court asks Plaintiff for confirmation that the word "and" should precede "eight

| | : | |
|---|---|---|
| | Initials of Preparer | JG |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-7533-GW-KSx | Date | January 6, 2023 |
|---|---|---|---|
| Title | *Tyler Jones v. Telacu Construction Management, Inc.* | | |

(8) hours in a workday" at 11:15 of his brief (as it currently does), as opposed to the phrase "and/or" or the word "or."

Plaintiff may re-file a motion for preliminary approval – and set a new hearing date – once he is prepared to sufficiently address all of the foregoing.[1]

It is so ordered.

---

[1] This Order should not be taken to suggest that these are the only issues that will deserve the Court's attention upon a full consideration of a preliminary approval motion. They are merely those issues that were of most-glaring concern at this stage.

:

| Initials of Preparer | JG |
|---|---|