Melinda Arbuckle, SBN 302723
marbuckle@wageandhourfirm.com
Ricardo J. Prieto (admitted *PHV*)
rprieto@wageandhourfirm.com
WAGE AND HOUR FIRM
3600 Lime Street, Suite 111
Riverside, California 92501
Telephone: (214) 210-2100
Facsimile: (469) 399-1070

Richard J. (Rex) Burch (admitted *PHV*)
rburch@brucknerburch.com
BRUCKNER BURCH PLLC
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone: (713) 877-8788
Facsimile: (713) 877-8065

*Counsel for Plaintiff, Tyler Jones, and Proposed Class and Collective Action Members*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| TYLER JONES, on behalf of himself and all others similarly situated,<br><br>　　Plaintiff,<br><br>　　v.<br><br>TELACU CONSTRUCTION MANAGEMENT, INC.,<br><br>　　Defendant. | **Case No: 2:21-cv-07533-GW-KS**<br><br>**NOTICE OF MOTION AND UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Judge:　　Hon. George H. Wu<br>Date:　　October 12, 2023<br>Time:　　8:30 am<br>Courtroom:　9D |

**PLEASE TAKE NOTICE THAT** on October 12, 2023 at 8:30 a.m., or as soon thereafter as the matter may be heard, in Courtroom 9D of this Court located at United States Courthouse, 350 West 1st Street, Los Angeles, California 90012, Plaintiff Tyler Jones ("Plaintiff" or "Jones") on behalf of himself and all others similarly situated ("the Class and Collective Action Members") will and hereby does move this Court to:

1. Grant final approval of the Settlement Agreement pursuant to Rule 23 of the Federal Rules of Civil Procedure (*see* ECF No. 47-1); and
2. Enter judgment in accordance with the Settlement Agreement; which resolves all of the FLSA and state law claims.

Plaintiff moves for final approval of the Settlement Agreement on the following grounds: (1) the Settlement is fair, reasonable, and adequate; (2) the Settlement was reached after arms-length negotiations by counsel for Plaintiffs and the Settlement Class and counsel for Defendant following a private mediation with a respected wage and hour mediator; and (3) the Settlement has drawn a favorable response from the Settlement Class.

This Motion is supported by this Notice, the Memorandum in Support, the attached declarations and exhibits, all matters of which the Court may take notice, and oral and documentary evidence which may be presented at the hearing on the Motion.

Dated: October 10, 2023

                                        Respectfully submitted,

                                        By:   s/Melinda Arbuckle
                                                 Melinda Arbuckle

                                        **WAGE AND HOUR FIRM**
                                        Melinda Arbuckle (Cal. Bar No. 302723)
                                        marbuckle@eeoc.net

5670 Wilshire Boulevard, Suite 1800
Los Angeles, CA 90036
Telephone: (713) 621-2277
Facsimile: (713) 621-0993

*Counsel for Plaintiffs and Proposed Class and Collective Action Members*

# MEMORANDUM IN SUPPORT OF MOTION
## I. INTRODUCTION

Plaintiff seeks final approval of this Settlement pursuant to the terms of the Settlement Agreement, which received preliminary approval as to the Rule 23 component, and approval as to the FLSA component on June 29, 2023. (ECF No. 64.) Defendant does not oppose the request.

This Settlement resolves litigation of Plaintiff and the Settlement Class Members' claims that Defendant violated the FLSA and state wage and hour laws by failing to pay overtime for hours worked over forty in a workweek, over eight hours in a workday, and for days worked in excess of five consecutive days of work. (ECF No. 1, Pl's Original Compl.)

The Settlement is the product of arms-length negotiation by experienced counsel, facilitated at mediation by a well-respected wage and hour mediator, and after significant investigation and recognition of the strengths and weaknesses of each party's factual and legal arguments and positions. Those strengths and weaknesses were set forth in detail in the Motion for Preliminary Approval and in subsequent briefing. (ECF Nos. 47, 55.)

The Settlement in the gross amount of $142,500.00 on behalf of twenty-four individuals readily satisfies the Rule 23 standard of being "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). The Settlement is reasonable and consistent with the strength of Plaintiff's claims given the risk, expense, complexity, and likely duration of continuing litigation. *See Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 20023); *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1291 (9th Cir. 1992).

Furthermore, the class has responded overwhelmingly favorably to the settlement with no objections, no opt-out requests, no workweek disputes and eleven affirmative consent forms filed relative to the FLSA component of the

Settlement, response to the Settlement has been remarkably positive and supports final approval.

In support of this Motion, Plaintiff submits final data regarding opt-out requests and objections through the declaration of a representative of Phoenix Settlement Administrators ("Phoenix" or "Settlement Administrator"). (Ex. A – Mitzner Declaration.)

Plaintiff therefore seeks:

1. final approval of the Settlement Agreement pursuant to Rule 23 of the Federal Rules of Civil Procedure (*see* ECF No. 47-1); and
2. judgment in accordance with the Settlement Agreement; which resolves all of the FLSA and state law claims.

## II.  BACKGROUND

On September 21, 2021, Plaintiff Tyler Jones filed the instant Action, styled *Tyler Jones, on behalf of himself and all others similarly situated v. TELACU Construction Management, Inc.* in the United States District Court for the Central District of California. (ECF No. 1, Pl's Original Compl.) In the Complaint, Plaintiff alleged that Defendant violated the FLSA by compensating Plaintiff and putative Collective Action Members at their respective hourly rates for all hours worked, as opposed to one and one-half times their respective regular rates of pay for hours worked over forty in a workweek (*id.* at ¶ 4) and that Defendant violated the Virgin Islands Code by failing to pay Plaintiff and other putative Class Members one and one-half times their respective regular rates of pay for all hours worked over eight in a given workday, or for hours worked after five consecutive workdays, or for hours worked over forty in a given workweek. (*Id.* at ¶¶ 68-69.)

On September 21, 2021, Plaintiff filed consent to join forms for Kevin Gourgis ("Gourgis") and John McClendon[1] ("McClendon") pursuant to 29 U.S.C. § 216(b). (ECF No. 4.) Defendant timely filed its Answer to Plaintiff's Original Complaint on November 1, 2021, specifically denying all of Plaintiff's claims. (ECF No. 22.)

On June 22, 2022, the Parties and their respective counsel participated in a formal mediation session for the Action conducted remotely via videoconference before Mediator William Lemons. (ECF No. 47-1, § II.5.) At the conclusion of mediation, the Parties agreed to resolve the Action on a class and collective action basis, culminating in a fully executed Memorandum of Understanding. The Settlement Agreement formalized the Parties' resolution reached at mediation.

On December 14, 2022, Plaintiff moved for preliminary approval of the Rule 23 component of the Settlement, and for approval of the FLSA component of the Settlement. (ECF No. 47.) The Court requested further briefing (ECF No. 49), and Plaintiff provided additional briefing on May 15, 2023. (ECF No. 56.) The Court granted preliminary approval to the Settlement with some alterations to the form of notice on June 29, 2023. (ECF No. 64.)

Notice issued on July 13, 2023, according to the procedures contained in the Settlement Agreement and approved by the Court. (Ex. A – Mitzner Decl., ¶ 5.) Thereafter, Phoenix, the Settlement Administrator, received eleven (11) consent forms for individuals to receive FLSA awards, zero (0) requests for exclusion, (0) notices of objection, and zero (0) workweek disputes.

Furthermore, CAFA's notice requirements have been satisfied, as Defendants sent CAFA notices to all affected states on June 28, 2023. (Ex. B –

---

[1] The Parties have learned that Mr. McClendon died after the filing of his consent form. His estate or representatives will be entitled to participate in this lawsuit during the notice period.

- 6 -    Case No. 2:21-cv-07533-GW-KS
MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT

Riordan Decl., ¶ 2.) As of the date of the filing of this Motion, no state or federal official has objected to the terms of the Settlement. The final approval hearing is set for October 12, 2023, which is more than ninety (90) days after the issuance of the CAFA notice, such that final approval may be entered in accordance with CAFA's notice requirements if the Court finds that all other requirements are met. 28 U.S.C. § 1715(d).

### III. ARGUMENT AND AUTHORITY

#### A. The Best Practicable Notice of Settlement Has Been Provided to the Class.

The mailing of the Notice and exclusion forms to the Settlement Class Members and the general administration of the notice process as discussed by the Settlement Administrator meet the requirements for the "best practicable" notice in this case as necessary to protect the due process rights of the Settlement Class Members. *See Phillips Petrol. Co. v. Shutts*, 472 U.S. 797, 811-12 (1985) (provision of "best practicable" notice with description of the litigation and explanation of opt-out rights satisfies due process); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 174-75 (1974) (individual notice must be sent to class members who can be identified through reasonable means); *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (best practicable notice is that which is "reasonably calculated, under all the circumstances, to apprise interested Parties of the pendency of the action and afford them an opportunity to present their objections").

Here, the Settlement Administrator received no returned, undeliverable mail, meaning all Settlement Class Members received notice and had ample time to consider the Settlement. (Ex. A – Mitzner Decl., ¶ 6.) Therefore, the Court may proceed to determine the fairness and adequacy of the Settlement, and order its approval, secure in the knowledge that all absent Settlement Class Members have

been given the opportunity to participate fully in the opt-out, comment, and approval process.

### B. Final Approval Is Appropriate Under Rule 23 as the Settlement Is Fair, Reasonable, and Adequate.

"[V]oluntary conciliation and settlement are the preferred means of dispute resolution," especially in complex class actions. *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982). Class action lawsuits readily lend themselves to compromise because of the difficulties of proof, the uncertainties of the outcome, and the typical length of the litigation. *City of Seattle*, 955 F.2d at 1276 (noting that "strong judicial policy [. . .] favors settlements, particularly where complex class action litigation is concerned").

When considering a motion for final approval of a class action settlement under Federal Rule of Civil Procedure 23(e), a court's inquiry is whether the settlement is "fair, adequate and reasonable," recognizing that "'it is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness.'" Fed. R. Civ. P. 23(e)(1)(B); *Staton*, 327 F.3d at 952 (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)).

When determining whether to grant final approval, "the court's intrusion upon what is otherwise a private consensual agreement negotiated between the Parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating Parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Officers for Justice*, 688 F.2d at 625. The court should balance "the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the state of the proceedings; the

experience and views of counsel [. . .] and the reaction of the class to the proposed settlement." *Class Plaintiffs*, 955 F.2d at 1291; *accord Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993). "The recommendations of Plaintiffs' counsel should be given a presumption of reasonableness." *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979); *Ellis v. Naval Air Rework Facility*, 87 F.R.D. 15, 18 (N.D. Cal. 1980) ("[T]he fact that experienced counsel involved in the case approved the settlement after hard-fought negotiations is entitled to considerable weight.").

As noted by the Court, the 2018 revisions to Rule 23 provide for similar considerations, which are addressed in pertinent part herein. Plaintiff also incorporates by reference prior briefing on the subject (ECF No. 55, pp.7-10.)

**C.   The Settlement Is Presumptively Fair Because of the Lack of Objections to the Settlement by the Settlement Class Members, the Discovery Conducted, Class Counsel's Experience, and Arms'-Length Negotiations.**

The Court should begin its analysis with a presumption that the Settlement is fair and should be approved due to the response of the Settlement Class to the Settlement. No Settlement Class Member objected, requested exclusion, or disputed their recovery under the Settlement. (Ex. A – Mitzner Decl. ¶¶ 6-10.) Furthermore, no governmental agency has objected. (Ex. B – Riordan Decl., ¶ 2.) *See Nat'l Rural Telecomms. Coop v. DIRECTV, Inc.*, 221 F.R.D. 523, 526 (C.D. Cal. 2004) (holding that "in the absence of a large number of objections to a proposed class action settlement, settlement actions are favorable to the class members."); *see also Mandujano v. Basic Vegetable Prods. Inc.*, 541 F.2d 832, 837 (9th Cir. 1976). *Accord Chun-Hoon v. McKee Foods Corp.*, 716 F. Supp. 2d 848, 850 (N.D. Cal. 2010) (granting final approval where 16 of 329 class members opted out, explaining that where exclusions and opt-outs are low, there is a presumption of a favorable class reaction).

Furthermore, Class Counsel engaged in extensive investigation[2] of the claims in this case and the Parties reviewed discovery sufficient to apprise themselves of the risk, expense, complexity and likely duration of further litigation. *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) (emphasizing that the touchstone of the analysis is whether "the parties have sufficient information to make an informed decision about settlement," including formal and informal discovery). "In the context of class action settlements, 'formal discovery is not a necessary ticket to the bargaining table' where the parties have sufficient information to make an informed decision about settlement." *Id.* Here, the Parties had enough information and could rely on their extensive experience litigating wage and hour class actions, to make an informed decision about this settlement.

The strength of the Settlement is also supported by the judgment of experienced counsel. *Hanlon*, 150 F.3d at 1026; *Boyd*, 485 F. Supp. at 622; *Ellis*, 87 F.R.D. at 18. Reliance on such recommendations is premised on the fact that "parties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in litigation." *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 967 (9th Cir. 2009) (quoting *In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995)). Here, Class Counsel endorse the Settlement as fair, reasonable, and adequate. Class Counsel have extensive experience in prosecuting and litigating class action wage and hour lawsuits like this one. (See ECF No. 47, pp.3-4). The fact that qualified and well-informed counsel endorse the Settlement as being fair, reasonable, and adequate heavily favors this Court's approval of the Settlement.

---

[2] (ECF No. 47, pp. 15, 17; ECF No. 47-2, Prieto Decl., ¶¶ 11, 12.)

Finally, as discussed above, the Settlement was the result of arms'-length negotiations through a respected wage and hour mediator, based upon the efforts of counsel equipped with enough information to act intelligently. *See Tijero v. Aaron Bros., Inc.*, No. C 10-01089-SBA, 2013 WL 6700102, at *7 (N.D. Cal. Dec. 19, 2013) (where settlement reached after parties participated in private mediation, settlement was appropriate for final approval); *Hughes v. Microsoft Corp.*, No. C98-1646C, 2001 WL 34089697, at *7 (W.D. Wash. Mar. 26, 2001) ("A presumption of correctness is said to attach to a class settlement reached in arms-length negotiations between experienced capable counsel after meaningful discovery.") (citing *Manual for Complex Litigation (Third)* § 30.42 (1995)).

**D.     The Court Should Grant Final Approval to the Settlement, Service Awards, Attorneys' Fees, and Costs.**

    **1.     The Settlement Comports with the Rule 23(e)(2) Standard.**

As discussed in Plaintiff's Supplement to Motion for Preliminary Approval of Class Action Settlement (ECF No. 55, pp. 7-10), the Settlement meets the Rule 23 standard for final approval.

Rule 23(e)(2)(A)-(D) states:

> 2) Approval of the Proposal. If the proposal would bind class members, the court may approve it only after a hearing and only on finding that it is fair, reasonable, and adequate after considering whether:
> (A)   the class representatives and class counsel have adequately represented the class;
> (B)   the proposal was negotiated at arm's length;
> (C)   the relief provided for the class is adequate, taking into account:
>   (i)   the costs, risks, and delay of trial and appeal;
>   (ii)  the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>   (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
>   (iv)  any agreement required to be identified under Rule 23(e)(3); and
> (D)   the proposal treats class members equitably relative to each other.

### a. Class Counsel and the Class Representatives Have Adequately Represented the Class, and the Settlement Was Negotiated at Arm's Length.

Plaintiff and Plaintiff's counsel have fairly and adequately represented the class, including participating in an arm's-length mediation before an experienced wage and hour mediator, and there are no apparent conflicts between Plaintiff, Plaintiff's Counsel, and the putative class members. (ECF No. 55-2, ¶ 4.) "A finding that 'Class Counsel are experienced and competent' supports a conclusion that the class is adequately represented." *Razo v. AT&T Mobility Servs., LLC*, No. 1:20-cv0172 JLT HBK, 2023 WL 3093845, at *12-13 (E.D. Cal. Apr. 26, 2023). Here, Plaintiff's Counsel have nearly exclusively represented plaintiffs in wage and hour cases for decades,[3] which adequately supports the finding of adequate representation. *Id.* As discussed elsewhere, the Settlement was negotiated at arm's length through a well-respected wage and hour mediator.

### b. The Relief Provided Is Adequate.

As discussed in the Motion for Preliminary Approval,[4] significant risks justify the Settlement, while the gross amount is still very robust as it approaches the calculation of back wages available to the Settlement Class Members. (ECF No. 47 p. 7. ($148,000.00 in total backpay due compromised to $142,500.00))

The Notice to the Class Members has been totally effective, as all mail was delivered and the Settlement Administrator received no returned, undeliverable mail, meaning all Settlement Class Members received notice and had ample time to consider the Settlement. (Ex. A – Mitzner Decl., ¶ 6.) Furthermore, No Settlement Class Member objected, requested exclusion, or disputed their recovery under the Settlement. (Ex. A – Mitzner Decl. ¶¶ 6-10.)

---

[3] ECF No. 47-2, Prieto Decl., ¶ 5.

[4] ECF No. 47, pp. 7-8.

Attorney's fees and timing of payment are both fair, as discussed further below, especially given Class Counsel and the class members are paid at the same time. (ECF No. 47-1, p. 24.) There is no issue with the attorney's fees under Rule 23(e)(2)(C)(iii). *See Razo*, 2023 WL 3093845, at *16.

And last, there is no other agreement required to be identified under Rule 23(e)(3). *See id.*

### c. The Settlement Treats Class Members Equitably Relative to Each Other.

With respect to Rule 23(3)(2)(D), no class member is treated inequitably, as the Settlement provides pro rata distribution based on workweeks. (ECF No. 47-1, p. 20.) This type of distribution is plainly appropriate. See Razo, 2023 WL 3093845, at *17.

### 2. The Service Awards Fairly Compensate the Recipients for their Contributions to the Case and the Risks Attendant with their Service.

As discussed in Plaintiff's Supplement to Motion for Preliminary Approval of Class Action Settlement (ECF No. 55, pp. 10-11), the service awards of $5,000 to Tyler Jones and Kevin Gourgis requested through the Settlement are fair and reasonable. (ECF No. 55, pp. 10-11.) These awards "are fairly typical in class action cases" and "are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958-59 (9th Cir. 2009).

The criteria courts may consider in determining whether to make a service award include: "1) the risk to the class representative in commencing suit, both financial and otherwise; 2) the notoriety and personal difficulties encountered by the class representative; 3) the amount of time and effort spent by the class

representative; 4) the duration of the litigation and; 5) the personal benefit (or lack thereof) enjoyed by the class representative as a result of the litigation." *Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995); *see also Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 266-67 (N.D. Cal. 2015) (observing that a $5,000 payment is "presumptively reasonable" and incentive awards "typically range from $2,000 to $10,000").

In this case, Plaintiff seeks reasonable service awards tailored to the extent of their participation and risks in the case. Tyler and Gourgis were the ones who initially brought their claims to light to the benefit of the class members, appear named on a public lawsuit, assisted with the investigation of claims and defenses, and participated in numerous meetings and conferences with counsel in furtherance of this case and settlement. (ECF No. 47-2, ¶ 16.)

### 3. The Attorneys' Fees and Costs Sought Are Fair and Reasonable to Compensate Class Counsel.

Finally, compensation for Class Counsel is reasonable and consistent with the Ninth Circuit's standards. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047-1048 (9th Cir. 2002). Rule 23(h) of the Federal Rules of Civil Procedure provides: "In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fee provisions included in proposed class-action settlements must be reasonable. *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011).; *see also Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 491 (E.D. Cal. 2010) (noting that the "typical range of acceptable attorneys' fees in the Ninth Circuit is 20% to 33 1/3% of the total settlement value"); *In re Omnivision Techs, Inc.*, 559 F. Supp. 2d 1036, 1047 (N.D. Cal. 2008) (noting that "in most common fund cases, the award exceeds [the] benchmark"). "[I]n smaller cases— particularly where the common fund is under $10 million—awards more

frequently exceed the benchmark." *Vandervort v. Balboa Capital Corp.*, 8 F. Supp. 3d 1200, 1209 (C.D. Cal. 2014).

Here, the total fees and costs contemplated by the Settlement Agreement represent less than one third[5] of the gross amount of the settlement, which is presumptively acceptable per relevant benchmarks. *See Millan v. Cascade Water Servs.*, 310 F.R.D. 593, 612 (E.D. Cal. 2015)). And while the Settlement Agreement contains a clear sailing provision, the Settlement Agreement is not conditioned on the approval of a specified amount of attorney's fees. (ECF No. 47-1, p. 19.) Clear sailing provisions are not fatal to final approval so long as an award from the common fund is appropriate. See *Razo v. AT&T Mobility Servs., LLC*, No. 1:20-cv0172 JLT HBK, 2023 WL 3093845, at *14 (E.D. Cal. Apr. 26, 2023) Finally, there is no reversion (ECF No. 47-1, p. 8) and so the factors in 23(e)(2)(A) and (B) are satisfied. *Id.*

Class Counsel are also entitled to reimbursement of reasonable out-of-pocket expenses. Fed. R. Civ. P. 23(h); *see Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994) (attorneys may recover reasonable expenses that would typically be billed to paying clients in non-contingency matters; *Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995) (approving reasonable costs in class action settlement). Costs compensable under Rule 23(h) include "nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). These can include reimbursements for "(1) meals, hotels, and transportation; (2) photocopies; (3) postage, telephone, and fax; (4) filing fees; (5) messenger and overnight delivery; (6) online legal research; (7) class action notices; (8) experts, consultants, and investigators; and (9) mediation fees." *In re Immune Response Secs. Litig.*, 497 F. Supp. 2d 1166, 1177 (S.D. Cal. 2007). Here,

---

[5] *See* ECF No. 47-2, ¶ 22 (seeking combined fees and costs in the amount of $47,025.00, which is less than 1/3 of the gross [$47,499.53]).

Class Counsel has included expenses in the requested less than 1/3% of the gross settlement amount, which is presumptively reasonable.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff by and through Counsel respectfully requests that the Court grant final approval of the Settlement, enter the attached judgment, dismiss the case with prejudice, and for such other and further relief to which Plaintiff is justly entitled.

Dated: October 10, 2023

Respectfully submitted,

By:  s/Melinda Arbuckle
Melinda Arbuckle

**WAGE AND HOUR FIRM**
Melinda Arbuckle (Cal. Bar No. 302723)
marbuckle@wageandhourfirm.com
3600 Lime Street, Suite 111
Riverside, California 92501
Telephone: (214) 210-2100
Facsimile: (469) 399-1070

*Counsel for Plaintiffs and Proposed Class and Collective Action Members*