Melinda Arbuckle, SBN 302723
marbuckle@wageandhourfirm.com
Ricardo J. Prieto (admitted *PHV*)
rprieto@wageandhourfirm.com
WAGE AND HOUR FIRM
3600 Lime Street, Suite 111
Riverside, California 92501
Telephone: (214) 210-2100
Facsimile: (469) 399-1070

Richard J. (Rex) Burch (admitted *PHV*)
rburch@brucknerburch.com
BRUCKNER BURCH PLLC
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone: (713) 877-8788
Facsimile: (713) 877-8065

*Counsel for Plaintiff, Tyler Jones, and Proposed Class and Collective Action Members*

**UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES DIVISION**

| | |
|---|---|
| TYLER JONES, on behalf of himself and all others similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>TELACU CONSTRUCTION MANAGEMENT, INC.,<br><br>  Defendant. | **Case No: 2:21-cv-07533-GW-KS**<br><br>**SUPPLEMENT TO MOTION FOR FINAL APPROVAL – LODESTAR CROSSCHECK**<br><br>Judge:     Hon. George H. Wu<br>Date:      October 12, 2023<br>Time:      8:30 am<br>Courtroom: 9D |

# SUPPLEMENT TO MOTION FOR FINAL APPROVAL – LODESTAR CROSSCHECK

## I. INTRODUCTION

On October 23, 2023, the Court entered a tentative ruling finally approving the class settlement in this case but decreasing the attorneys' fees provided by the Settlement from 33% ($47,025.00) to 25% ($35,625.00). At the hearing on final approval, Plaintiff's counsel respectfully requested the opportunity to submit a lodestar crosscheck to the Court demonstrating the reasonableness of the fees requested, and the Court granted that request.

Now, Plaintiff's counsel demonstrates a lodestar of **$84,812.50**, representing 116.8 hours of work at approved rates for the jurisdiction. (Ex. 1, Arbuckle Decl., ¶¶ 25-27.) Much of the lodestar results from the Court's request for extensive briefing in the preliminary approval phase, including research on the question of whether numerosity would be satisfied under Rule 23 as to the relatively few individuals involved in the class settlement.

Even accounting for billing judgment and any relevant *Vizcaino* factors, the requested attorney's fees represent a significant downward adjustment from the lodestar. Accordingly, the Court should not further reduce the fees provided by the Settlement, particularly where **no settlement class member objected to the amount of attorney's fees**. (Ex. 1, Arbuckle Decl., ¶ 30.)

## II. ARGUMENT AND AUTHORITY

"The 25% benchmark rate, although a starting point for analysis, may be inappropriate in some cases. Selection of the benchmark or any other rate must be supported by findings that take into account all of the circumstances of the case." *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048 (9th Cir. 2002). "In considering the overall fairness and reasonableness of a fee award, a court should consider the following factors: '(1) the results achieved; (2) the risk of litigation; (3) the skill required and the quality of work; (4) the contingent nature of the fee and the

financial burden on class counsel; and (5) awards made in similar cases.'" *Bravo v. Gale Triangle, Inc.*, No. CV 16-03347 BRO (GJSx), 2017 WL 708766, at *14 (C.D. Cal. Feb. 16, 2017) (quoting *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1046 (N.D. Cal. 2008)) (the "*Vizcaino* factors"). When "courts employ the percentage of recovery method, a lodestar crosscheck on the reasonableness of the fee is often performed." *Clayborne v. Newtron, LLC*, No. 19-cv-07624-JSW, 2023 WL 5748773, at *5 (Sept. 6, 2023) (citing *Vizcaino*, 290 F.3d at 1047).

Most of the *Vizcaino* factors were discussed in Plaintiff's Motion for Final Approval, especially the level of success obtained on behalf of the class notwithstanding binding arbitration agreements with class waivers signed by those class members and the contingent nature of the fee (*see* Ex. 1, Arbuckle Decl., ¶ 31, reduction from 40% fee agreement). Still, Class Counsel will urge a few additional points:

First, the requested attorneys' fees are within the range of awards made in similar cases. Here, Class Counsel request an upward adjustment from the 25% benchmark based largely on lodestar, which justifies an increase to 33%. (*See* Ex. 1, Arbuckle Decl., ¶ 25 ($84,812.50 in lodestar).) Although Class Counsel's requested fee of 33% is higher than the 25% benchmark, it is consistent with other wage and hour class actions where recovery is less than $10 million. *Rivas v. BG Retail, LLC*, No. 16-cv-06458-BLF, 2020 WL 264401, at *8 (citing *Miller v. CEVA Logistics USA, Inc.*, No. 2:13-cv-01321-TLN, 2015 WL 4730176, at *8 (E.D. Cal. Aug. 10, 2015)) ("California district courts usually award attorneys' fees in the range of 30-40% in wage and hour class actions that result in the recovery of a common fund under $10 million."); *Rabin v. PricewaterhouseCoopers LLP*, No. 16-cv-02276-JST, 2021 WL 837626, at *7 (N.D. Cal. Feb. 4, 2021) (awarding class counsel 35% of common fund); *Bennett v. SimplexGrinnell LP*, No. 11-cv-01854-JST, 2015 WL 12932332, at *6 (N.D.

Cal. Sept. 3, 2015) (concluding award representing 38.8% of common fund was reasonable); *Clayborn*, 2023 WL 5748773, at *5-6 (awarding 35%). (*Accord* Ex. A-2, *Moore* Order approving 40% of common fund as attorneys' fees based on contingency fee agreement and lodestar.)

Second, Class Counsel exercised billing judgment. As a matter of billing judgment, Class Counsel did not submit time records for any legal assistants. (Ex. 1, Arbuckle Decl., ¶ 28.) However, the case was not overstaffed. Although three partner level attorneys represented Plaintiff, they represented Plaintiff separately in a few phases, and no associate level attorneys are currently affiliated with either firm. In the preliminary phase, Burch handled arbitration matters until the case was filed in federal court. Arbuckle assisted with drafting preliminary materials in Court. Prieto handled the negotiation and settlement of the case. Arbuckle handled finalization of the settlement agreement through this brief. Accordingly, there was minimal duplication of efforts, as each member of Plaintiff's team had a role with little oversight from the other partner level attorneys during those times. The work was reasonable and necessary, and much of the work was the result of the Court's request for in-depth briefing at the preliminary approval stage. But even if the Court made severe reductions to Class Counsel's lodestar for billing judgment, the requested fees are already about half of the lodestar. There is no justification for further decreasing the fees provided by the Settlement.

The calculation of the lodestar "measures the lawyers' investment of time in the litigation" and "provides a check on the reasonableness of the percentage award." *Vizcaino*, 290 F.3d at 1050. Here, as in *Clayborne*, the percentage of fund represents a significant **negative** multiplier supporting a request for a common fund percentage award that is greater than the benchmark. 2023 WL 5748773, at *6.

Third, the hourly rates requested in the lodestar are in line with other approved orders, with Prieto and Arbuckle's rates approved last year by a Court in the Central District of California, and Burch's rate reflecting his many years of practice and subject matter expertise. (Ex. 1, Arbuckle Decl., ¶¶ 23-24.) *Accord Lacy v. U.S. Dep't of State*, No. 8:22-cv-01065-DOC-KES, 2023 WL 7107265, at *(C.D. Cal. Aug. 22, 2023) (Carter, J.) ("In the Central District of California, hourly rates of $900 to $1,000 for partners and $800-$900 for senior associates is not extraordinary" (citing *Jose Luis V.H. v. Kijakazi*, No. CV18-2618, 2022 WL 17100473, at *4 (C.D. Cal. Sept. 30, 2022) ("The Ninth Circuit has found reasonable fees with effective hourly rates exceeding $900, and district courts have repeatedly found reasonable fees with effective hourly rates exceeding $1,000 per hour.") (collecting cases); *Snow Joe, LLC v. Linemart Inc.*, No. CV 20-00587-RSWL-RAOx, 2022 WL 3446032, at *2 (C.D. Cal. Aug. 16, 2022) (identifying cases holding reasonable hourly rates for senior attorneys in this district to be over $700)).

Finally, Class Counsel does not seek "fees-on-fees," and has billed no time for the completion of this briefing. Still, given the lodestar of **$84,812.50**, it should be abundantly clear that Class Counsel made a significant investment in this case and in the recovery of funds for the class members in this case, no matter how small the class. Class Counsel's requested attorneys' fees are fair and merited based on the work they performed.

### III. CONCLUSION

Given the fees provided by the Settlement already represent a significant deduction from Class Counsel's lodestar, the level of success obtained on behalf of the class members, the many barriers to class settlement including arbitration agreements with class waivers and this Court's questions regarding whether the class was sufficiently numerous, and the considerable investment of Class Counsel

into obtaining the relief provided by the Settlement there is no grounds for further departing from the fees proposed by the Settlement in the absence of any complaint from a class member.

     Rather, the benchmark of 25% would work an injustice in this instance, dissuading other lawyers from prosecuting claims on behalf of "small" classes or encouraging lawyers to churn lodestar, which could act as a bar to early, reasonable settlements. Accordingly, the Court should, respectfully, finally approve the Settlement in all respects, including awarding Class Counsel fees in the amount of 33% of the gross settlement, $47,025.00. Plaintiff respectfully requests such other and further relief to which he is justly entitled.

Dated: October 30, 2023

    Respectfully submitted,

    By:   s/Melinda Arbuckle
           Melinda Arbuckle

**WAGE AND HOUR FIRM**
Melinda Arbuckle (Cal. Bar No. 302723)
marbuckle@wageandhourfirm.com
3600 Lime Street, Suite 111
Riverside, California 92501
Telephone: (214) 210-2100
Facsimile: (469) 399-1070

*Counsel for Plaintiffs and Proposed Class and Collective Action Members*